UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| APP-ORDER, LLC, dba ZORTS SPORTS<br><br>Plaintiff,<br>v.<br>GLENN LITTMAN, *et. al.,*<br>Defendants. | Case No. 2:25-cv-01156-MMD-DJA<br><br>ORDER |

**I.    SUMMARY**

This removed action involves claims for alleged misappropriation of trade secrets. (ECF No. 1-2 ("Complaint").) Plaintiff App-Order, LLC dba Zorts Sports filed an emergency motion to remand, asserting that removal is improper under 28 U.S.C. § 1441(b)(2) because of one of the defendants, Glenn Littman, is a forum defendant. (ECF No. 8 ("Motion")[1].) The Court finds that removal violates the forum defendant rule, and grants Plaintiff's Motion. The Court further denies Defendants' request to transfer venue or, in the alternative, apply California law (ECF No. 21) as moot.

**II.    BACKGROUND**

Plaintiff is a Nevada limited liability company. (ECF No. 1-2 at 2.) Its sole member, Steven Lenhoff, is a citizen of Hawaii, and thus Plaintiff is a citizen of Hawaii for diversity jurisdiction purposes. (ECF No. 1 at 3-4.) *See Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990) (holding that a limited liability company is a citizen of the states of each of its managing members). Defendants are Glenn Littman, Cassandra Partida and Sports

---

[1]The Court ordered expedited briefing, given the state court's order setting an expedited hearing on Plaintiff's emergency motion before that court. (ECF No. 11.) Defendants filed a response to the Motion (ECF No. 20) and Plaintiff replied (ECF No. 22). The Court finds oral argument to be unnecessary and therefore denies Defendants' request for oral argument.

1  Thread, Inc. (*Id.*) Plaintiff alleges that upon information and belief, Partida is a resident of
2  Arizona and Sports Thread is a Colorado corporation. (ECF No. 1-2 at 3.) *See* 28 U.S.C.
3  § 1332. Plaintiff further alleges that Littman is a citizen of Nevada. (ECF No. 1-2 at 3.)
4  　　　　　On June 23, 2025, Plaintiff filed its Complaint in Nevada's Eighth Judicial District,
5  requesting business court assignment. (*Id.*) Plaintiff alleges that Sports Thread is a
6  business competitor. (*Id.* at 5.) Littman and Partida are former employees who resigned
7  from their positions at Zorts Sports in June 2025; Littman began working for Sports Thread
8  shortly thereafter. (*Id.*) Plaintiff asserts that Littman and Partida have misappropriated
9  Plaintiff's confidential trade secrets and proprietary information at the encouragement of
10 Sports Threat, and have improperly attempted to solicit Zorts Sports' customers. (*Id.* at 5-
11 14.)
12 　　　　　On June 24, 2025, the day after filing its Complaint, Plaintiff filed an emergency
13 motion for temporary restraining order and motion for preliminary injunction in the state
14 district court. (ECF No. 1-3 at 2.) The state court ordered a shortened briefing schedule
15 on that motion, directed service of the motion by 12:00 p.m. on June 25, 2025, and set a
16 hearing for July 2, 2025. (ECF No. 1-4.)
17 　　　　　On June 26, 2025, Defendants removed the action based on diversity jurisdiction.
18 (ECF Nos. 1 (petition for removal), 6 (errata to notice of removal).) On July 1, Plaintiff
19 moved to remand on an emergency basis, asserting that removal is improper under 28
20 U.S.C. § 1441 because Littman is a forum defendant. (ECF No. 8.) *See* LR 7-4. The Court
21 granted Plaintiff's request for expedited briefing. (ECF Nos. 11, 12.)
22 **III.   DISCUSSION**
23 　　　　　Plaintiff argues that removal violates the forum defendant rule set out in 28 U.S.C.
24 § 1441(b)(2) because Littman was a citizen of Nevada—the state where this action was
25 initiated—on the date the Complaint was filed. (ECF No. 8.) Defendants do not dispute
26 that Littman was domiciled in Nevada on June 23, 2025, and is thus a forum defendant
27
28

for purposes of the Court's diversity analysis.[2] (ECF No. 20 at 3 n. 2, 4-5.) However, Defendants argue snap removal was procedurally proper because the forum defendant (Littman) was not served while a non-forum defendant (Sports Thread) was served before removal.[3] (ECF No. 20 at 5.) The Court agrees with Plaintiff that Defendants' "snap" removal is improper under the forum defendant rule, regardless of the timing of service.

A party asserting federal subject matter jurisdiction based on diversity must show complete diversity of citizenship between opposing parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). In addition to these jurisdictional requirements, 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." This forum defendant rule limits removal "to instances where no defendant is a citizen of the forum state" in part because any need to protect out-of-state defendants from prejudice is absent when a defendant is litigating in their home state. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). *See also Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1017 (D. Nev. 2021).

The forum defendant rule is procedural rather than jurisdictional. *See Lively*, 456 F.3d at 936. Thus, while a court may not sua sponte remand for a violation of Section 1441(b)(2), a plaintiff may "either move to remand the case to state court within the 30-day time limit [for contesting a procedural violation of the removal statute], or allow the case to remain in federal court by doing nothing." *Id.* at 940. *See* 28 U.S.C. § 1441(c)

---

[2]Defendants specifically state that, "[w]hile [they] initially believed that Littman was a citizen of South Carolina at the time the complaint was filed based on a good-faith belief that he had relocated at the time of filing, it no longer disputes that he was still domiciled in Nevada on June 23, 2025, despite his clear intent—and actions—to move to South Carolina the next day. Thus, on the day the complaint was filed, Defendants do not dispute that there is a forum defendant for purposes of the Court's diversity analysis." (ECF No. 20 at 3 n. 2, 4-5.)

[3]Plaintiff's reply explains its efforts to serve all defendants as the state district court ordered. (ECF No. 22 at 9.)

1  (requiring that "[a] motion to remand the case on the basis of any defect other than lack
2  of subject matter jurisdiction must be made within 30 days after the filing of the notice of
3  removal"). This "allows the plaintiff to regain some control over forum selection." *Lively*,
4  456 F.3d at 940. Although the forum defendant rule is procedural, violation of the rule is
5  one of the "more substantive removal defects." *Id.* at 939.

6        This Court has previously analyzed the practice of "snap removal" in detail and has
7  repeatedly found that Section 1441(b)(2) does not permit Defendants to effectuate pre-
8  service removals to evade the forum defendant rule. *See Warm Springs Rd. CVS, L.L.C.*
9  *v. SS Mgmt., L.L.C.*, No. 3:24-CV-00467-MMD-CLB, 2024 WL 4589893 at *3 (D. Nev.
10 Oct. 28, 2024) (finding that "there is no loophole for [a defendant's] snap removal under
11 Section 1441" and noting that "[c]ourts in this district have largely agreed that snap
12 removals [in diversity actions involving multiple defendants, one or more of whom is not
13 a forum resident] are impermissible"); *Deutsche Bank*, 532 F. Supp. 3d at 1011-17
14 (analyzing Section 1441 and concluding that the statute's meaning is ambiguous and that
15 its history does not support a reading permitting snap removal, while also finding that
16 even if the statute is unambiguous, snap removal is impermissible because it produces
17 absurd results). The Court has further reasoned that Section 1441(b)(2)'s reference to
18 "properly joined and served" defendants is best interpreted as "a narrow carve-out to the
19 forum defendant rule to protect defendants against gamesmanship from plaintiffs who
20 fraudulently join a defendant to improperly prevent removal," and not as a provision
21 intended to "make more cases available for removal." *Id.* at 1014.

22       The Court's prior analyses of Section 1441 extend to the instant circumstances,
23 where there is no longer any factual dispute that Littman was a citizen of Nevada at the
24 time the Complaint was filed. (ECF Nos. 8, 20 at 3 n. 2.) Defendants do not present new
25 binding case law undercutting the Court's conclusion that the statute precludes snap
26 removal, nor do they present compelling arguments for a distinct approach based on
27 service of one non-forum defendant here. (*See* ECF No. 20 at 2 (acknowledging that
28 "[t]he Ninth Circuit has not squarely addressed snap removal").) The Court thus grants

Plaintiff's Motion. *See also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (noting that any doubts as to right of removal should be resolved in favor of remand).

Defendants also filed a motion to transfer venue, which they ask the Court to consider in conjunction with their response to Plaintiff's Motion because, regardless of the applicability of the procedural forum defendant rule, it is undisputed that the jurisdictional requirements for complete diversity and an amount in controversy exceeding $75,000 are satisfied. (ECF No. 21.) But because the Court finds that Defendants' removal was improper and remands to state court, the Court declines to reach Defendants' request to transfer this suit to another federal district. *See* 28 U.S.C. § 1404 (permitting transfer of venue at the Court's discretion based on convenience and fairness considerations).

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 8) is granted.

It is further ordered that Defendants' motion to change venue or transfer or, in the alternative, apply California law (ECF No. 21) is denied as moot.

It is further ordered that this case is remanded. The Clerk of Court is directed to close the case.

DATED THIS 9th Day of July 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE